IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH PITTS #A0259019, | ) | CIV. NO. 11-00250 SOM-RLP |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | TEMPORARY RESTRAINING ORDER |
| | ) | AND PRELIMINARY INJUNCTION |
| DEPARTMENT OF PUBLIC SAFETY, | ) | AND TRANSFERRING ACTION |
| CCA MAINLAND BRANCH | ) | |
| ADMINISTRATORS, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION AND TRANSFERRING ACTION

Petitioner Joseph Pitts, a Hawaii state prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, has filed a civil action and a motion for a temporary restraining order and preliminary injunction. Pitts names the Hawaii Department of Public Safety and its "CCA Mainland Branch Administrators"[1] as respondents to this suit. Pitts has neither paid the filing fee for commencing this action nor submitted an application to proceed *in forma pauperis*.

Pitts seeks injunctive relief to prevent Arizona prison officials from retaliating against him for filing a suit regarding a 2009 disciplinary charge and alleged assault against Pitts by another inmate. Pitts claims he was denied the right to call witnesses or produce evidence when he was disciplined for

---

[1] The Hawaii Department of Public Safety contracts for correctional services with the Corrections Corporation of America ("CCA"), which operates SCC.

threatening a prison official, and later attacked by another inmate at unnamed prison officials' prompting.  *See* Doc. 1-2, Decl. in Support of Mot. at ¶ 4 ("This attack on me was orchestrated by the [prison] staff.").  Pitts states that he has drafted a complaint regarding this incident, but alleges that, if he files the complaint, he will be put in segregation and his personal and legal materials will be taken from him.

The court finds that venue is improper in Hawaii and that transfer of this action is in the interests of justice pursuant to 28 U.S.C. § 1406(a).  Accordingly, this action is TRANSFERRED to the U.S. District Court for the District of Arizona.  Insofar as Pitts seeks a temporary restraining order or injunctive relief from this court, that request is DENIED without prejudice to the reassertion of this request in the District of Arizona.

## I. LEGAL STANDARDS

### A. 28 U.S.C. § 1391(b)

When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if

there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America,* 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

**B. 28 U.S.C. § 1406**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**C. Injunctive Relief**

The purpose of a temporary restraining order and/or preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a temporary restraining order, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, --, 129 S.Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

## II. DISCUSSION

As noted, a case may be brought in a district where any defendant resides, if all of the defendants reside in the same state, or in a district where a substantial part of the action underlying the allegations occurred. 28 U.S.C. § 1391(b). If *neither* of these subsections can be satisfied, the action may be brought in another district where any defendant can be found. *See Lee*, 525 F. Supp. 2d at 1241, n.1.

Venue here is determined by reference to § 1391(b)(2), where a substantial part of the events alleged took place.

4

Substantiality of events is measured by considering the nexus between the events and the nature of the claims; for venue to be proper under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Ukai v. Fleurvil*, Civ. No. 06-00237, 2006 WL 3246615, *3 (D. Haw. Nov. 7, 2006) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (discussing propriety of venue under § 1391(a)(2)). To determine substantiality, the court looks to "the entire sequence of events underlying the claim," *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001), and focuses on the defendants' (rather than the plaintiff's) actions. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

Pitts's contemplated lawsuit and request for injunctive relief arises from incidents that allegedly occurred or may occur in Arizona. The actions underlying the complaint that Pitts wants to file and that allegedly deprived Pitts of his constitutional rights occurred in Arizona. The individuals that Pitts seeks to enjoin reside in Arizona. The only connection this action has with Hawaii is Pitts's status as a Hawaii inmate who has been incarcerated in Arizona since at least April 13, 2009. *See* Doc. 1-2, Decl. in Support of Mot. at ¶ 2. As such,

5

the court finds that a substantial part of the actions or omissions alleged here occurred in Arizona, and venue is improper in this district. *See* 28 U.S.C. § 1391(b)(2).

The interests of justice favor transfer of this case to the district where the significant events or omissions material to Pitts's claims occurred, witnesses may be found, there is easier access to the necessary evidence, there is a local interest, and the court is better able to determine whether injunctive relief is required to preserve the status quo and protect both parties rights. *See* 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Insofar as Pitts moves *this* court for a temporary restraining order based on his allegations that, if he files a complaint in Arizona, prison officials there will retaliate against him by placing him in segregation and confiscating his legal materials, his request is DENIED without prejudice. Pitts does not explain why he is able to file this action and this request for relief in Hawaii without fear of reprisal, but cannot do the same in Arizona. In either venue, prison officials in Arizona and Hawaii will become aware of his action once either court takes action on Pitts's request, and, if required, an injunction can be issued in Arizona as easily as in Hawaii.

Moreover, the District of Hawaii's Local Rules impose requirements for motions for temporary restraining order or preliminary injunction that Pitts has not met. Local Rule 10.2(g) contemplates that a complaint will be filed contemporaneously with any application for injunctive relief, and requires that these documents be filed as separate documents. *See* LR10.2(g). While a party may file a request for injunctive relief *after* a complaint is filed commencing an action, it should not be filed before the complaint. *See* Fed. R. Civ. P.5 ("A civil action is commenced by filing complaint with the court."). Without a complaint that details Pitts's allegations against particular individuals, this court cannot determine Pitts's likelihood of success on the merits, judge the severity of impending harm in the absence of preliminary relief, or balance the equities between the parties. Temporary restraining orders are issued to preserve the status quo pending a more complete hearing. After this action is transferred to the District of Arizona and Plaintiff files an actual complaint, that district will be able to conduct a hearing to determine the issues and decide the equities.

### III. CONCLUSION

This action is TRANSFERRED to the U.S. District Court for the District of Arizona. Pitts's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED without

7

prejudice.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Pitts to the U.S. District Court for the District of Arizona.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, April 14, 2011.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

*Pitts v. Dep't. of Public Safety, et al.*, Civ. No. 11-00250 SOM; Transfer Order; psas/trsfr or venue/dmp/2011/ Pitts 11-250 SOM (tro)